IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COUNTRYWIDE HOME LOANS, INC.,
    Plaintiff                              *

v.                                                  *          CIV. NO. AMD 06-1340

SHELBY R. CANADA, et al.,            *
    Defendants
                                                ...o0o...

MEMORANDUM OPINION

Defendant Shelby R. Canada applied for, and was granted, by plaintiff Countrywide Home Loans, Inc., a (refinance) mortgage loan secured by his residence in Prince George's County. In accordance with federal law, in connection with the settlement on the loan, Countrywide afforded Canada three days within which he might cancel the transaction. Canada timely canceled the loan by providing written notice to Countrywide, but through one or more unspecified internal errors, Countrywide nonetheless retired the existing mortgage loan (and the lien securing same) by making full payment of the outstanding loan balance to Canada's existing mortgagee bank. When Canada refused to repay the funds disbursed to his mortgagee in error by Countrywide, the latter filed this diversity action against Canada and others.

Discovery has concluded and now pending is Countrywide's motion for summary judgment. No hearing is needed. The parties agree that Maryland law is controlling. Although Canada admits all of the material facts showing that he is the beneficiary of Countrywide's payment of his loan, in the amount of the erroneous payment alleged by

plaintiff, he contends that, as a matter of law, Countrywide's payment of the outstanding balance on his mortgage was "gratuitous" and that he is not obligated to repay Countrywide for the amount it paid on his account. I disagree, and conclude, on the reasoning of *Hill v. Cross Country Settlements, LLC*, 172 Md.App. 350, 914 A.2d 231 (2007), *cert. granted*, --- Md. --- (April 11, 2007), that plaintiff is entitled to judgment as a matter of law for the amount paid by Countrywide on Canada's outstanding mortgage loan, but that Canada is entitled to judgment as a matter of law (and in the exercise of this court's equitable discretion) as to Countrywide's request that a constructive trust be imposed on Canada's residence (a part of the additional relief sought by Countrywide).

For the reason set forth above, judgment shall be entered in favor of plaintiff against Canada for the amount of the erroneous payment, with prejudgment interest at the legal rate in Maryland (6% per annum) from the date of Countrywide's demand for repayment. No greater recovery than that awarded is warranted on the record before the court and therefore the motion for summary judgment shall be granted in part and denied and part, and a final judgment entered.

Filed: May 14, 2007                             __/s/_____
                                                Andre M. Davis
                                                United States District Judge